IN THE UNITES STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| In re: Peter and Theresa Jokola | § | CIVIL DOCKET No.: 6:09-CV-133 |
| Debtors | § | Appeal to District Court of |
| | § | Bankruptcy Court's order |
| | § | entered 4/15/2009 |
| | § | |
| Douglas Leland Barr | § | BANKRUPTCY NO.: 02-61097 |
| Appellant | § | |
| | § | APPELLANT'S BRIEF |
| | § | |
| | § | |

APPELLANT'S BRIEF

Respectfully submitted,

JOSEPH D. OLSON & ASSOCIATES, P. C.

Joseph D. Olson
State Bar No. 15274900
E-mail: numijoe@hot.rr.com
6801 Sanger Avenue, Suite 140
Waco, Texas 76710
Telephone: (254) 754-0909
Facsimile: (254) 754-0966

Attorney for Appellant

# TABLE OF CONTENTS

Table of Contents ……………………………………………………….................. 2

Index of Authorities ……………………………………………………………….... 3

Basis of Appellate Jurisdiction ……………………………………………………... 5

Issues Presented and Standards of Appellate Review…………………………….… 6

Statement of the Case ……………………………………………………………..... 8

Statement of Facts ……………………………………………………………......... 8

Argument and Authorities ……………………………………………………….... 11

    Judicial Estoppel …………..……………………………………………......…. 11

        Abstention ……………………………………………………………….... 13

        Evidentiary Issues ……………………………………………………….…… 15

Conclusion and Prayer…………………………………………………….…….… 15

Certificate of Service ……………………………………………………….……. 17

# INDEX OF AUTHORITIES

**CASES:**                                                         **PAGE(S):**

*In re Cahill*, 428 F.3d 536 (5th Cir. 2005) …………….. 7

*In the Matter of: Coastal Plains, Inc.*, 179 F. 3d 197
    (5th Cir. 1999) ……………. 11, 12

*In re: Cochener*, 382 B. R. 311 (S. D. Tex. 2007) ……………. 14

*In re: Eastman*, 188 B. R. 621 (9th Cir. BAP 1995) ……………. 14

*In re: First Financial Enterprises, Inc.*, 90 B. R. 751
(Bankr. W. D. Tex. 1989) ……………. 14

*Jeffrey v. Desmond*, 70 F. 3d 183 (1st Cir. 1995) ……………. 13

*Jethroe v. Omnova Solutions, Inc.*, 412 F. 3d 598 (5th Cir. 2005) ……………. 11

*Maine v. New Hampshire*, 532 U. S. 742
    121 S. Ct. 1808 (2001) ……………. 11

*In re Superior Crewboats, Inc.*, 274 F. 3d 330 (5th Cir. 2004) ……………. 11

*Vreugdenhill v. Navistar International Transportation Corp.*,
    950 F. 2d 524 (8th Cir. 1991) ……………. 13


**STATUTES:**

*11 U. S. C. § 305(a)(1)*  ……………………….  13, 14

*11 U. S. C. § 541*  ……………………….  12

*11 U. S. C. § 541(a)(1)*  ……………………….  12

*11 U. S. C. § 541(a)(7)*  ……………………….  12

*11 U. S. C. § 554*  ……………………….  12

*11 U. S. C. §554(c) and (d)*  ……………………….  13

*11 U. S. C. § 1306(a)(1)*  ……………………….  12

*28 U. S. C. § 158(a)(1)* ………………………. 5

*28 U. S. C. § 1334(c)(1)* ………………………. 13, 14

## **BASIS OF APPELLATE JURISDICTION**

This is an appeal from a final order of the Bankruptcy Court and is brought pursuant to 28 U. S. C. § 158(a)(1).

**ISSUES PRESENTED AND STANDARD OF APPELLATE REVIEW**

*Issues Presented:*

The issues to be presented on appeal are as follows:

1. The trial court erred in denying the Motion to Reopen Closed Case.

2. The trial court abused its discretion when it denied the Motion to Reopen Closed Case.

3. The trial court erred when it determined that it did not have exclusive jurisdiction to administer an asset of the bankruptcy estate.

4. The trial court abused its discretion when it refused to reopen the closed case in order to administer an asset of the bankruptcy estate.

5. The trial court erred when it abstained from "hearing this matter" as the reopening of the closed case to administer an asset of the bankruptcy estate is not a matter that is subject to abstention under 28 U. S. C. §1334(c) or 11 U. S. C. §305.

6. The trial court abused its discretion when it chose to abstain from "hearing this matter" " as the reopening of the closed case to administer an asset of the bankruptcy estate is not a matter that is subject to abstention under 28 U. S. C. §1334(c) or 11 U. S. C. §305.

7. The trial court erred in finding that the filing of the Motion to Reopen Closed Case "appears to be a trial tactic" on the part of the Movant as there was no evidence adduced at the hearing or presented with the pleadings to support such a conclusion.

8. The trial court erred in determining that the Motion to Reopen Closed Case lacked merit and should be denied.

***Standard of Appellate Review*:**

The District Court reviews questions of abuse of discretion by determining whether the Bankruptcy Court: (1) applied an improper legal standard or followed improper procedures, or (2) rested its decision on findings of fact that are clearly erroneous. *In re Cahill, 428 F.3d 536, 539 (5th Cir. 2005)*.

## STATEMENT OF THE CASE

Appellant sought to reopen a closed bankruptcy case in order to have the Bankruptcy Court administer an asset that had not been disclosed by the Debtors. The asset, a claim arising under a contract, was owned by the Debtors while the bankruptcy case was pending. However, the Debtors never disclosed that claim to the Bankruptcy Court, the Trustee or their creditors. Several years after the bankruptcy case was closed, the Debtors filed suit in state court seeking to recover damages from Appellant for alleged breaches of the contract. Appellant, believing the Debtors had violated their duty to disclose all their assets and were therefore judicially estopped from asserting the claim, sought to reopen the closed bankruptcy case and allow the Bankruptcy Court an opportunity to administer the asset. The Bankruptcy Court denied the motion to reopen the case on abstention grounds. This appeal ensued.

*Statement of Facts:*

On September 16, 2002 the Debtors, Peter George Jokola and Theresa Ann Jokola, filed a voluntary petition under Chapter 13 of the Bankruptcy Code. (*B. D. N. 9*)[1] On September 24, 2002 the Debtors sought to reject an executory contract for the mining of limestone from real property they owned in Limestone County, Texas by the filing of a "Motion to Reject Land Use Agreement" in their bankruptcy. (Hereinafter, this executory contract will be referred to as "the Lease"). (*B. D. N. 12*). The Debtors also filed a motion to lift the automatic stay in another bankruptcy case involving a debtor named Danny Ray Richardson, Jr., who was the lessee under the Lease. (See *B. D. N. 27, 33 and 35* in case 02-61344). While that matter was pending, and without amending their

---

[1] Throughout this brief, record references will be cited as follows: *B. D. N.* refers to Bankruptcy Court Docket Number and is a reference to the Bankruptcy Court's docket in case number 02-61097 (unless otherwise noted) as found on PACER. *Tr.* refers to the Transcript of the hearing held on April 14, 2009.

schedules or otherwise notifying the bankruptcy court or the Trustee, the Debtors entered in to an identical executory contract with Douglas Leland Barr, the Appellant herein. (Hereinafter, the second executory contract will be referred to as "the Second Lease"). (See *Movant's Exhibit 1* to the *Tr.*).

On November 13, 2002, the Debtors amended the schedules in their bankruptcy case, but failed to list the Second Lease as an asset of the bankruptcy estate or to claim it as exempt. (*B. D. N. 26*). Debtors also failed to identify Barr or disclose the Second Lease as an asset in the nature of a right to payment from Barr. They also failed to amend their Statement of Financial Affairs to disclose the conveyance of the mining rights to the limestone on the property as a transfer of property.

The Debtors' Chapter 13 Plan was confirmed by the Bankruptcy Court on July 16, 2003. (*B. D. N. 54*). However, Debtors failed to make timely payments under their confirmed plan and the bankruptcy case was dismissed on October 9, 2003. (*B. D. N. 66*).

In November 2007 the Debtors brought suit against Barr and a related corporation for breach of the Second Lease in State District Court in Limestone County, Texas. The Debtors asserted that he had failed to pay them royalties due from the removal and sale of limestone from the property. That suit is currently pending in Limestone County, Texas.

Barr filed a Motion to Reopen Chapter 13 Case in the Debtors' bankruptcy case on November 6, 2008. (*B. D. N. 72*). He sought to reopen the bankruptcy case in order to have the Bankruptcy Court administer assets of the estate that were never administered and that remained property of the estate, to-wit the claim that he had breached the Second Lease. It was his intention, upon the reopening of the bankruptcy, to remove the State Court lawsuit to bankruptcy court in order to allow the only court with jurisdiction to

administer the assets of the bankruptcy estate an opportunity to do so. As a part of that removal, Barr intended to raise issues of judicial estoppel in the bankruptcy court that arose from the Debtors' failure to disclose the claim against him as an asset. The Debtors filed a response opposing the Motion to Reopen. (*B. D. N. 73*). A hearing on the Motion to Reopen Chapter 13 Case was held by the Bankruptcy Court on April 14, 2009. (See generally *Tr.*). The Bankruptcy Court denied the Motion to Reopen. (*B. D. N. 77*). This appeal ensued.

## ARGUMENT AND AUTHORITIES

***Judicial Estoppel:***

Judicial estoppel is an "equitable doctrine invoked by a court at its discretion." *Maine v. New Hampshire, 532 U. S. 742, 749, 121 S. Ct. 1808 (2001)*. Basically, it prevents a party from taking inconsistent positions as to claims he or she may assert in subsequent proceedings. *Id.* The purpose of the doctrine is "to protect the integrity of the legal process" by "preventing internal inconsistency, precluding litigants from playing fast and loose with the courts, and prohibiting parties from deliberately changing positions according to the exigencies of the moment." *In the Matter of: Coastal Plains, Inc., 179 F. 3d 197, 205-6 (5th Cir. 1999)*.

Judicial estoppel traditionally has two elements. First, a party may be judicially estopped only when that party has assumed a position in one court that is clearly inconsistent with a position taken by that party before another court. *Coastal Plains, 179 F. 3d @ 205*. The second element is that the party must have convinced one of the courts to accept the inconsistent position. *Id. @ 206*.

When raised in the context of a bankruptcy case where the debtors have failed to disclose all their assets, the court applies a third, bankruptcy-related element. *See Jethroe v. Omnova Solutions, Inc., 412 F. 3d 598, 600 (5th Cir. 2005); In re Superior Crewboats, Inc., 274 F. 3d 330 (5th Cir. 2004)*. The third element looks at the plaintiffs-debtors' failure to disclose a cause of action and requires the court to determine whether that failure was inadvertent.

The Firth Circuit explained that the purpose of judicially estopping a plaintiff from pursuing a claim he failed to disclose in his bankruptcy

> is that the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets. The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding. The interests of both the creditors, who plan their actions…on the basis of the information supplied in the disclosure statements, and the bankruptcy court, which must decide whether to approve the plan of reorganization [or approve a no-asset discharge] on the same basis, are impaired when the disclosure provided by the debtor is incomplete.

*Coastal Plains, 179 F. 3d @ 208*. When a debtor conceals a cause of action, judicial estoppel exists to prevent the debtor from gaming the bankruptcy system so he can "get rid of creditors on the cheap, and start over with a bundle of rights." *Coastal Plains, 179 F. 3d @ 213*. Such conduct is an abuse of the bankruptcy process, and judicial estoppel was invented to protect against just such abuses. *Id.* The purpose of judicial estoppel is to protect the integrity of the courts, not punish adversaries or protect litigants. *Id.*

When a case under the Bankruptcy Code is commenced, a bankruptcy estate is created. *11 U. S. C. § 541*. The property of that estate includes "all legal and equitable interests if the debtor in property as of the commencement of the case." *11 U. S. C. § 541(a)(1)*. It also includes "[a]ny interest in property that the estate acquires after commencement of the case." *11 U. S. C. § 541(a)(7)*. In a Chapter 13 case, property of the estate includes, in addition to the property specified in Section 541, "all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed or converted…" *11 U. S. C. § 1306(a)(1)*.

Property of the bankruptcy estate remains property of the estate until it is either administered or abandoned under the terms of the Bankruptcy Code. *11 U. S. C. § 554*. This is so even if the property was not listed on schedules or otherwise disclosed to the bankruptcy court. *Id.* Property of the estate that is not disclosed or otherwise

administered by the time the bankruptcy case is closed remains property of the estate forever.  *See 11 U. S. C. §554(c) and (d); Jeffrey v. Desmond, 70 F. 3d 183, 186 n. 3 (1st Cir. 1995) (*"any asset not properly scheduled remains property of the bankrupt estate, and the debtor loses all rights to enforce it in his own name."*); Vreugdenhill v. Navistar International Transportation Corp., 950 F. 2d 524, 525 (8th Cir. 1991) (*cause of action not formally listed on bankruptcy schedules remains property of the bankruptcy estate even after the bankruptcy case is closed).

In this case, due to the Debtors' non-disclosure, any claims arising under the Second Lease remained property of the bankruptcy estate even after the case was dismissed.  Since any such claims were assets of the estate that were never administered, the only court with jurisdiction to administer them was the Bankruptcy Court.  Appellant sought to reopen the bankruptcy case in order to bring the unadministered asset to the court's attention.  Once the case was reopened, issues pertaining to the status of the asset could be addressed in due course.  However, by refusing to reopen the case, the Bankruptcy Court denied the Appellant the opportunity to present a full picture of what transpired.  Further, the Court refused to administer an asset that was under its jurisdiction.  Effectively, the Bankruptcy Court "jumped the gun" by claiming to abstain from hearing the state court lawsuit, an issue that was not before it at the time, rather than to reopen the case and allow proceedings to proceed in due order.

***Abstention*:**

There are two bases for abstention available to the Bankruptcy Court in cases pending before it.  They arise under 28 U. S. C. § 1334 and 11 U. S. C. § 305.  They will be referred to as general abstention and Section 305 abstention, respectively.

The general abstention statute provides that, in the interests of justice, comity with State courts or out of respect for State law, a court may abstain from hearing a case that arises under Title 11, or is related to a case under Title 11.  *28 U. S. C. § 1334(c)(1)*.  However, nothing in Section 1334 gives a bankruptcy court the right to refuse to administer an asset of the bankruptcy estate.  While the court could, after appropriate proceedings (such as in a challenge to removal of the state court lawsuit), decline to try the lawsuit, by refusing to reopen the bankruptcy case and allowing those issues to be properly developed, the Bankruptcy Court effectively refused to administer an asset that is before it.  Thus, the Bankruptcy Court's refusal to reopen this case has short circuited the process and hampered Appellant's rights, as well as the rights of the Trustee and any creditors of the estate who might receive payment on their debts if the asset were properly administered.

Section 305 abstention is appropriate where there is strong evidence that the interests of creditors and the debtors would be better served by dismissing or suspending the bankruptcy proceeding.  *11 U. S. C. § 305(a)(1)*.  This is an extraordinary remedy and should only be used after a hearing and a careful balancing of the interests of the creditors and the debtor.  *In re: Cochener, 382 B. R. 311, 333-335 (S. D. Tex.  2007)*; See also *In re: Eastman, 188 B. R. 621, 624-625 (9th Cir. BAP 1995)*; *In re: First Financial Enterprises, Inc., 90 B. R. 751, 754 (Bankr. W. D. Tex. 1989)*.

In this case, no such balancing was done by the Bankruptcy Court since there was no appropriate motion before it.  The Court had only been asked to reopen the bankruptcy case.  No motion seeking dismissal or suspension of the proceedings had been brought to the Court.  No evidence of the respective interests of the creditors and the debtors was

presented. By refusing to reopen the case and allowing the parties to fully develop the facts and the issues, the Bankruptcy Court short circuited the proceedings required by Section 305.

*Evidentiary Issues*:

At the hearing on the Motion to Reopen Chapter 13 Case, very little evidence was put before the Bankruptcy Court since the only issue fairly before it was the matter of reopening the bankruptcy. That evidence consisted of the Second Lease Agreement (See *Movant's Exhibit 1 to Tr.*), as well as the Court's taking judicial notice of the contents if its files in the underlying bankruptcy case (Case No. 02-61097) and in the Danny Ray Richardson, Jr. bankruptcy case (Case No. 02-61344). The rest of the hearing involved arguments of counsel. (See generally *Tr.*). Yet, despite a dearth of evidence relating to any of the issues on which it apparently ruled, the Bankruptcy Court "found" that the motion to reopen was merely a "trial tactic." This is an absurd contention on its face. But, more importantly, if the court was going to abstain from its duties under Title 11, it was required to engage in a careful analysis of evidence relating to the interests of the creditors and the debtors. Without evidence, it could not do this. Since there was no evidence presented that could fairly be considered probative of the issues that arise under either general abstention or Section 305 abstention, the Bankruptcy Court erred by electing to "abstain" from reopening the bankruptcy case.

## CONCLUSION AND PRAYER

There is strong evidence in the record that the Debtors willfully and knowingly concealed an asset they owned from the Bankruptcy Court and then sought to profit from their misdeeds by suing in State court. Since the asset is still a part of the bankruptcy

estate, reopening the bankruptcy case to allow the only court with jurisdiction over the asset to administer it was a proper avenue open to the Appellant in this case. By short circuiting the process and refusing to reopen the bankruptcy case, the Bankruptcy Court denied the Appellant and other interested parties the opportunity to fully develop the underlying issues and obtain appropriate relief. Appellant seeks an order reversing the Bankruptcy Court's Order Denying Motion to Reopen Chapter 13 Case (*B. D. N. 77*) and remanding this case for further proceedings in the Bankruptcy Court.

WHEREFORE, PREMISES CONSIDERED, Appellant, Douglas Leland Barr prays that the District Court reverse the Bankruptcy Court's Order Denying Motion to Reopen Chapter 13 Case (*B. D. N. 77*) and remand this case for further proceedings in the Bankruptcy Court; Appellant prays for general relief.

Respectfully submitted,

JOSEPH D. OLSON & ASSOCIATES, P. C.

/s/Joseph D. Olson
Joseph D. Olson
State Bar No. 15274900
E-mail: numijoe@hot.rr.com
6801 Sanger Avenue, Suite 140
Waco, Texas 76710
Telephone: (254) 754-0909
Facsimile: (254) 754-0966

ATTORNEYS FOR DOUGLAS LELAND BARR

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a copy of the foregoing Appellant's Brief was served upon the following individuals by electronic means as listed on the Court's ECF noticing system or by United States first class mail, postage prepaid, on this 7th day of August 2009.

Douglas L. Barr
15530 Cruiser
Corpus Christi, TX 78418

Peter & Theresa Jokola
5210 Bagby Avenue
Waco, Texas 76711

David C. Alford
Attorney at Law
801 Washington, Suite 503
Waco, TX 76701

James H. "Bo" Routh, Jr.
Scott H. James
SCANES, ROUTH & JAMES, L. L. P.
7901 Fish Pond Road, Suite 200
P. O. Box 20965
Waco, Texas 76702-0965

                /s/Joseph D. Olson
                Joseph D. Olson