# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

|  |  |  |
|---|---|---|
| In re:  Peter and Theresa Jokola, | * | |
| Debtors, Appellees | * | CIVIL ACTION NO. W-09-CA-133 |
| | * | |
| | * | |
| DOUGLAS LELAND BARR, | * | |
| Appellant | * | |

---

## BRIEF OF APPELLEES

---

TO THE HONORABLE U.S. DISTRICT JUDGE:


        NOW COMES Peter and Theresa Jokola, Appellees, and file their Brief of Appellees in the

above reference case.


                              Respectfully submitted,


                              DAVID C. ALFORD
                              Texas State Bar No. 01011500
                              801 Washington, Suite 503
                              Waco, Texas  76701
                              254-757-2777 (phone)
                              254-757-2780 (fax)
                              Attorney for Appellees

## TABLE OF CONTENTS

Table of Contents.................................................................................................................. 2

Index of Authorities.............................................................................................................. 3

Statement of the Case........................................................................................................... 4

Argument and Authorities.................................................................................................... 5

    Bankruptcy Court's Order Not Appealable................................................................... 5

    Appellant's Motion to Reopen Chapter 13 Case Was Without Merit........................... 5

    No Asset For The Bankruptcy Court to Administer...................................................... 6

        Not Property Of The Bankruptcy Estate............................................................... 6

        Even If Property Of The Bankruptcy Estate, Such Property Was
        Subsequently Abandoned To Appellees................................................................. 7

    Appellant's Motion To Reopen Case Not Appropriate Procedure................................ 7

    Bankruptcy Court's Ruling Supported By Sufficient Evidence.................................... 8

    "Trial Tactic" Finding Supported by Evidence............................................................ 9

Conclusion and Prayer......................................................................................................... 10

Certificate of Service........................................................................................................... 11

## INDEX OF AUTHORITIES

CASES:

*In re Apex Oil Company* 406 F.3d 538 (8th Cir. 2005)........................................................ 5, 8, 9

*In re Bianucci,* 4 F.3d 526 (7th Cir. 1993) ................................................................ 5

*In re Canal Street* 269 B.R. 375 (8th Cir. BAP 2001) ....................................................... 5

*In re Carter,* 38 B.R. 636, 638 (Bankr. D.Conn. 1984)..................................................... 9

*In re Case*, 937 F.2d 1018 ......................................................................................... 9

*Christy v. Heights Finance Corp.* 101 B.R. 542 (D.Ct. CD Ill. 1987) ............................ 6

*In re Dabbs,* 72 B.R. 73, 75 (Bankr. N.D.Ala. 1987)...................................................... 9

*In re Delfino* 351 B.R. 786 (Bankr. S.D. Fla. 2006) ..................................................... 5, 9, 10

*In re Finch* 378 B.R. 241 (BAP 8th Cir. 2007).............................................................. 7, 8

*In re Jones* 261 B.R. 479 (Bankr. N.D. Ala. 2001)........................................................ 6

*In re Shondel* 950 F.2d 1301, 1304 (7th Cir. 1991) ........................................................ 5

STATUTES:

11 U.S.C. § 349(b)(3).................................................................................................. 7

11 U.S.C. § 350(b).......................................................................................... 5, 7, 8, 10

11 U.S.C. § 521 ........................................................................................................... 4

11 U.S.C. § 522(l)........................................................................................................ 6

11 U.S.C. § 727............................................................................................................ 7

11 U.S.C. § 1327(b)..................................................................................................... 7

11 U.S.C. § 1328........................................................................................................... 7

11 U.S.C. § 1334(b)..................................................................................................... 9

11 U.S.C. § 1334(c)...................................................................................................... 5

11 U.S.C. § 1334(d)..................................................................................................... 5

BANKRUPTCY RULES

B.R. 5010................................................................................................................... 6

B.R. 9013................................................................................................................... 6

B.R. 9023................................................................................................................... 7

B.R. 9024................................................................................................................... 7

## STATEMENT OF THE CASE

Appellees are in general agreement with the Statement of the Case made by Appellant, with the following exceptions:

A.     In Appellant's Statement of the Case (Appellant's Brief, page 8), Appellant states that the bankruptcy Court denied Appellant's Motion To Reopen on "abstention grounds". However, Appellees would show that abstention was only one of the grounds upon which Appellant's Motion To Reopen was denied by the Bankruptcy Court. (*B.D.N. 77*, Order Denying Motion to Reopen Case).

B.     In Appellant's Statement of Facts (Appellant's Brief, pages 8-10), Appellant states several times that Appellees failed to amend their bankruptcy schedules to list the contractual agreement with Appellant. However, schedules are filed in order to set forth the debtor's assets, liabilities, and financial affairs, as of the petition date, which in the instant case was September 16, 2002. 11 U.S.C. § 521   Since Appellees' Lease with Appellant was not executed until October 4, 2002, it was a post-petition asset, and Appellees were under no obligation to amend their schedules to reflect same.

C.     Appellees dispute Appellant's statement that the Bankruptcy Court is the only Court that has jurisdiction to administer what Appellant calls "this asset" (i.e. Appellees' claim against Appellant.) The 77th District Court of Limestone County, Texas, has concurrent jurisdiction to hear the dispute between Appellant and Appellees, where suit has been pending since October 5, 2007.

## ARGUMENT AND AUTHORITIES

Bankruptcy Court's Order Not Appealable

At the outset, the bankruptcy court's order from which this appeal was taken, recites a finding that the court "has the right to abstain from hearing this matter under 11 U.S.C. Sec. 1334(c)". (B.D.N. 77)  To the extent that such order was denied on abstention grounds, such order is not appealable, and this appeal should be dismissed.  28 U.S.C. § 1334(d).

Appellant's Motion to Reopen Chapter 13 Case Was Without Merit

The bankruptcy court's order from which this appeal was taken also recites, *inter alia*, that Appellant's motion to reopen "is without merit and should therefore be denied".   (B.D.N. 77) As set forth herein, there is sufficient evidence to support that finding of the bankruptcy court and the denial of Appellant's motion.

Appellant filed its Motion to Reopen the bankruptcy case pursuant to 11 U.S.C.§ 350(b) which provides as follows:

> "(b)    A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

This statute is clearly phrased in permissive language and states that bankruptcy courts <u>may</u>, but are not required to, reopen a closed bankruptcy case for the stated reasons.  (emphasis added) *In re Apex Oil Company* 406 F.3d 538, 540 (8th Cir. 2005)   Case law is clear that the decision to reopen a closed bankruptcy case under  §350  is a discretionary equitable remedy. *In re Delfino* 351 B.R. 786 (Bankr. S.D. Fla. 2006); *In re Bianucci,* 4 F.3d 526 (7th Cir. 1993)  It is within the bankruptcy court's discretion to base its decision to reopen on the particular circumstances and equities of each particular case.  *In re Shondel* 950 F.2d 1301, 1304 (7th Cir. 1991)  Further, a decision not to reopen a case is reversible by an appellate court only if it has a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.  *In re Canal Street* 269 B.R. 375, at 379 (8th Cir. BAP 2001)  And while Appellant complains that the bankruptcy court did not have sufficient evidence before it at the hearing on the Motion to Reopen (Appellant's brief, page 15) , it has been held that a bankruptcy

court may rule on a motion to reopen even without a hearing since there is no provision or requirement for a hearing found in the Bankruptcy Code. *In re Jones* 261 B.R. 479 (Bankr. N.D. Ala. 2001), *citing* 11 U.S.C.§ 305(b) and Fed. R. Bankr. P. 5010 and 9013. However, as set forth below, the bankruptcy court in the instant case had sufficient evidence before it, having taken judicial notice of the contents of Appellees' bankruptcy file, in order to support its decision to deny Appellant's motion.

No Asset For The Bankruptcy Court to Administer

Appellant asserts that the only reason the bankruptcy court should have reopened the Appellees' bankruptcy case was so that an asset of the Appellees (the claims against Appellant) could be administered by the bankruptcy court. There are several flaws with Appellant's argument.

Not Property Of The Bankruptcy Estate

First of all, as set forth in Appellant's Statement Of The Case (Appellant's Brief, pages 8, 9) the Lease between Appellant and Appellee was for the mining of limestone on Appellees' real property. That real property was claimed by Appellees as exempt on their bankruptcy schedules, since it was their homestead. (B.D.N. 9)  Appellees' Section 341 creditors' meeting was held on October 16, 2002. (B.D.N. 3)  Because no objections were timely filed to Appellees' claim of exemption, their real property was deemed exempt by operation of law. 11 U.S.C. § 522 (l).  The Appellees' interest in that real property which was deemed exempt was a full fee simple interest, surface and minerals.  Accordingly, Appellees ownership of the limestone on their homestead was an exempt asset of the Appellees.  And while exempt property is initially considered property of the bankruptcy estate, once the objection period expires without objections being filed, such property is no longer property of the estate. *Christy v. Heights Finance Corp.* 101 B.R. 542 (D.Ct. CD Ill. 1987)  Therefore, the Lease between Appellant and Appellees was not property of the Appellees' bankruptcy estate.

      <u>Even If Property Of The Bankruptcy Estate, Such Property Was Subsequently Abandoned</u>

        <u>To Appellees</u>

Assuming, *arguendo*, that the Lease between Appellant and Appellees was property of Appellees' bankruptcy estate, such property was abandoned back to Appellees on two occasions. First of all, upon confirmation of Appellees' chapter 13 plan on July 16, 2003, all property of the Appellees' bankruptcy estate vested in Appellees. 11 U.S.C. § 1327(b). Secondly, upon dismissal of Appellees' bankruptcy case on October 9, 2003, all property of the Appellees' bankruptcy estate was revested in Appellees. 11 U.S.C. § 349(b)(3). Therefore, there is no property of the estate over which the bankruptcy court would have jurisdiction, even if the case were reopened.

<u>Appellant's Motion To Reopen Case Not Appropriate Procedure</u>

Appellees would further show that under the circumstances of this case, the Appellant's Motion To Reopen is not the proper method for obtaining the relief Appellant seeks. Appellees' chapter 13 bankruptcy case was <u>dismissed</u>, prior to completion of the plan, so Appellees did not receive any discharge or other relief. Unlike a debtor who successfully completes a chapter 13 case and receives a discharge under 11 U.S.C. § 1328, or a debtor who receives a chapter 7 discharge under 11 U.S.C. § 727, the Appellees received no discharge. This is significant not only because of the revesting of all property in the Appellees as set forth above, but also because of the equitable nature of a motion to reopen a case.

The case of *In re Finch* 378 B.R. 241 (BAP 8th Cir. 2007) provides a similar fact situation to the case at bar. In *Finch*, the debtors filed a chapter 13 bankruptcy case. A creditor in that case filed a motion for relief from stay on certain vehicles, and an agreed order was reached requiring the debtors to make specific payments to the creditor. The debtors subsequently defaulted in making those payments, as well as their chapter 13 plan payments, and the case was subsequently dismissed and closed. Forty two days later, the debtors filed a motion to reopen the bankruptcy case, requesting that they be provided relief from the agreed orders previously entered in the case. In denying the motion to reopen, the Court concluded that "a dismissed case cannon be reopened under § 350(b); rather a dismissal can be undone only through an appeal or a motion under Federal Rule of

Bankruptcy Procedure 9023 or 9024". *Finch* at 244. In that case, the Court concluded that even if the debtors' motion to reopen could be considered a motion under Rule 9023 or 9024, it was untimely and thus denied. Likewise, in the instant case, Appellant's motion to reopen was not filed under Rule 9023 or 9024; and even if it was, it is not timely, having been filed more than 5 years after dismissal of the bankruptcy case.

Bankruptcy Court's Ruling Supported By Sufficient Evidence

The case of *In re Apex Oil Company* 406 F.3d 538 (8th Cir. 2005) involves a fact situation analogous to the case at bar. In that case, the debtor, Apex Oil Company, filed a chapter 11 bankruptcy. A reorganization plan was filed and subsequently confirmed, and the case was closed. Approximately 7 years later, a group of creditors filed a class action suit against the reorganized debtor seeking money damages against the debtor. The debtor filed a motion to reopen its bankruptcy case, so that it could ask the bankruptcy court to enforce the discharge order against the class action plaintiffs. The bankruptcy court denied the debtor's motion to reopen the case.

In affirming the bankruptcy court's decision, the 8th Circuit held that § 350(b) was permissive and not mandatory, and that it was within the bankruptcy court's discretion to base its decision to reopen on the particular circumstances and equities of each case. *Apex* at 540. The Court further found that the bankruptcy court had relied upon several factors in denying the motion to reopen the case:

(1)    the availability of relief in another jurisdiction;
(2)    the presence of other defendants in the class action litigation not subject to the bankruptcy court's jurisdiction;
(3)    the passage of time between the class action and the closure of Apex's bankruptcy estate (almost 7 years), as well as the fact that all property of the estate had either been distributed to creditors or re-vested in Apex; and
(4)    the class action litigation's nonexistent impact on Apex's bankruptcy estate.

The Court held that the availability of relief in an alternative forum is a permissible factor on which to base a decision not to reopen a closed bankruptcy case. *Id* at 540. In the instant case, there is a suit pending in the District Court of Limestone County, Texas, which involves the same parties and issues related to the Lease between Appellant and Appellees. That court has concurrent jurisdiction to hear and resolve all disputed issues between the parties, even bankruptcy issues, including any

collateral estoppel issues which Appellant desires to raise.  11 U.S.C. § 1334(b).

Further, in the instant case, the passage of time between the dismissal of Appellees' bankruptcy case (October 9, 2003) and the filing of Appellant's Motion To Reopen Chapter 13 Case (November 6, 2008) is more than 5 years.  That, coupled with the fact that all of the Appellees' property was re-vested in Appellees, is a sufficient factor that supports the bankruptcy court's denial of Appellant's motion to reopen.  In *Apex*, the Court noted that "the longer the time between the closing of the estate and the motion to reopen the more compelling the reason for reopening the estate should be". citing *In re Case, 937 F.2d at 1018.*

Appellant devotes a significant portion of his Brief discussing the doctrine of judicial estoppel.  (Appellant's Brief, pages 11-13)   It is clear from Appellant's argument, as well as his Statement of Facts on page 10, that the sole purpose of seeking to reopen Appellees' bankruptcy case was to "raise issues of judicial estoppel in the bankruptcy court".  Aside from the fact that those issues can be raised and heard in the pending state court suit, the *Apex* court (page 541) expressly rejected such motivation as grounds for reopening a previously closed bankruptcy case:

> "...We agree with courts that have found that a debtor's desire to adjudicate an issue in bankruptcy court, rather than in an alternative forum, constitutes insufficient grounds on which to reopen a bankruptcy case." citing, *In re Dabbs, 72 B.R. 73, 75 (Bankr. N.D.Ala. 1987) and In re Carter, 38 B.R. 636, 638 (Bankr. D.Conn. 1984).*

Under the circumstance of the instant case, Appellant's desire to litigate his issues in bankruptcy court rather than the state court are no reason to reopen a five year old bankruptcy case.

## "Trial Tactic" Finding Supported by Evidence

The bankruptcy court below found that under the circumstances of this case, Appellant's effort to reopen the Appellees' bankruptcy case was merely a trial tactic on the part of Appellant. In addition to the other factors set forth herein, such a finding is further supported by the fact that Appellant waited more than 2 years after suit was filed in state court to file his Motion To Reopen in bankruptcy court.

In the case of  *In re Delfino* 351 B.R. 786 (Bankr. S.D. Fla. 2006), a debtor filed a motion to reopen his bankruptcy case 7 years after it had been closed for the purpose of adding an omitted

creditor.  That creditor had filed suit against the debtor in state court over a debt which the debtor alleged had been discharged in the prior bankruptcy.   The state court suit had proceeded for 2 years, and the Motion to Reopen the bankruptcy case  was not filed by the debtor until after he had received an unfavorable ruling in the state court.  After looking at the equities of the case, the bankruptcy court denied the motion to reopen, and stated as follows:

> "The Debtor's protracted conduct of the state court litigation, while keeping the trump card of a motion to reopen the case under *§ 350* tucked away in the Debtor's back pocket for later use in the event the state court litigation failed, was marked by a want of good faith. A court of equity requires one in the Debtor's position to come to court having acted in good faith and fairness. He did not so act, but instead acted in a manner deliberately to the contrary. The Debtor's own conduct accordingly precludes me from granting the equitable remedy he seeks."  Id at 790

As in *Delfino*,  Appellant's 2 year delay in filing his Motion To Reopen Chapter 13 Case, coupled with his admitted sole motivation of litigating his judicial estoppel argument in bankruptcy court rather than state court, is clear evidence that supports the bankruptcy court's "trial tactic" finding.


## CONCLUSION AND PRAYER

For the reasons set forth herein, the Bankruptcy Court neither erred nor abused its discretion in denying Appellant's Motion To Reopen Chapter 13 Case.  All of Appellants points of error should be overruled, and the decision of the Bankruptcy Court below affirmed.

WHEREFORE, Appellees respectfully request that the relief requested by Appellant be denied, and that Appellees be granted such other relief to which they may be justly entitled.

Respectfully submitted,


 /s/ David C. Alford
David C. Alford
Texas State Bar No. 01011500
801 Washington, Suite 503
Waco, Texas  76701
254-757-2777 (phone)
254-757-2780 (fax)
Attorney for Appellees

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Brief of Appellees was forwarded to the following parties via first-class mail, postage prepaid, on this 24th day of August, 2009:

Joseph D. Olson
6801 Sanger Avenue, Suite 140
Waco, TX 76710

/s/ David C. Alford
David C. Alford

(.jokola.09.appellees.brief.1)